## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:19-CR-139 |
| | : | |
| v. | : | (JUDGE JONES) |
| | : | |
| ROBERT L. HAYES, SR. | : | (FILED ELECTRONICALLY) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

A. **Violation(s), Penalties, and Dismissal of Other Counts**

1.  Guilty plea. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with a violation of Title 18, United States Code, § 2252A(a)(5)(b), Possession of child pornography. The maximum penalty for that offense is 20 years' imprisonment, a mandatory minimum 10 years' imprisonment, a fine of $ 250,000, a maximum term of lifetime supervised release, which shall be served at the conclusion of,

and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in that count.

After sentencing, the United States will move for dismissal of any remaining counts of the Indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial

Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2. <u>Term of Supervised Release</u>.  The defendant also understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3. <u>Mandatory Minimum Sentence</u>.  Counts One carries a mandatory minimum period of imprisonment of 10 years imprisonment pursuant to 18 U.S.C. §2252A(b)(2).

4. <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's

3

involvement in the offense(s) described above.  However,

nothing in this Agreement will limit prosecution for criminal tax

charges, if any, arising out of those offenses.

**B.   Fines and Assessments**

5.   Fine.  The defendant understands that the court may impose a

fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the court, in full, may be

considered a breach of this Plea Agreement.  Further, the

defendant acknowledges that willful failure to pay the fine may

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et

seq.

6.   Alternative Fine.  The defendant understands that under the

alternative fine section of Title 18, United States Code, § 3571,

the maximum fine quoted above may be increased if the court

finds that any person derived pecuniary gain or suffered

pecuniary loss from the offense and that the maximum fine to

be imposed, if the court elects to proceed in this fashion, could

4

be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7.  <u>Inmate Financial Responsibility Program</u>.  If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8.  <u>Special Assessment</u>.  The defendant understands that the court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle

5

District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9. <u>Additional Special Assessment</u>.  If the defendant is convicted of a child pornography or child sexual exploitation offense, and if the Court finds the defendant is not indigent, an additional special assessment of $5,000 will be imposed, pursuant to 18 U.S.C. § 3014(a).

10. <u>Collection of Financial Obligations</u>.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a.   to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b.   to submit to interviews by the Government regarding the defendant's financial status;

6

c.   to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court; and

f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C. Sentencing Guidelines Calculation

11. <u>Determination of Sentencing Guidelines.</u>  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

12. <u>Acceptance of Responsibility– Three Levels.</u>  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend

8

that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

13. <u>Specific Sentencing Guidelines Recommendations.</u>  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend that the following sentencing enhancements apply:

- U.S.S.G. §2G2.2(b)(2) involving prepubescent minors who had not yet attained the age of 12 years = +2;

- U.S.S.G. §2G2.2(b)(4)(A) relating sadistic or masochistic conduct or other depictions of violent conduct = +4;

9

- U.S.S.G. §2G2.2(b)(5) engaging in a pattern of activity involving the sexual abuse or exploitation of a minor = +5; and
- U.S.S.G. §2G2.2(b)(6) involving the use of a computer = +2.

Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct. The defendant understands these recommendations are not binding upon either the court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant further understands the United States will provide the court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

10

## D.  Sentencing Recommendation

14.  Appropriate Sentence Recommendation.  At the time of
sentencing, the United States may make a recommendation
that it considers appropriate based upon the nature and
circumstances of the case and the defendant's participation in
the offense, and specifically reserves the right to recommend a
sentence up to and including the maximum sentence of
imprisonment and fine allowable, together with the cost of
prosecution.

15.  Special Conditions of Probation/Supervised Release.  If
probation or a term of supervised release is ordered, the United
States may recommend that the court impose one or more
special conditions, including but not limited to the following:

a.  The defendant be prohibited from possessing a firearm or
other dangerous weapon.

b.  The defendant make restitution, if applicable, the payment
of which shall be in accordance with a schedule to be
determined by the court.

c.  The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.   The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.   Victims' Rights and Restitution

16.   <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

a.   The right to be reasonably protected from the accused;

13

b.   The right to reasonable, accurate, and timely notice of any

public court proceeding or any parole proceeding involving

the crime, or of any release or escape of the accused;

c.   The right not to be excluded from any such public court

proceeding, unless the court, after receiving clear and

convincing evidence, determines that testimony by the

victim would be altered materially if the victim heard other

testimony at that proceeding;

d.   The right to be reasonably heard at any public hearing in

the district court involving release, plea, sentencing, or any

parole proceeding.  The defendant understands that the

victim's comments and recommendations at any of these

proceedings may be different than those of the parties to

this Agreement;

e.   The reasonable right to confer with the attorney for the

Government in the case.  The defendant understands that

the victim's opinions and recommendations given to the

attorney for the Government may be different than those

14

presented by the United States as a consequence of this
Agreement;

f.  The right to full and timely restitution as provided for by
law.  The attorney for the Government is required to "fully
advocate the rights of victims on the issue of restitution
unless such advocacy would unduly prolong or complicate
the sentencing proceeding," and the court is authorized to
order restitution by the defendant including, but not limited
to, restitution for property loss, economic loss, personal
injury, or death;

g.  The right to proceedings free from unreasonable delay; and

h.  The right to be treated with fairness and with respect for
the victim's dignity and privacy.

17. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the
Mandatory Restitution Act of April 24, 1996, Title 18, United
States Code, § 3663A, the court is required in all instances to
order full restitution to all victims for the losses those victims
have suffered as a result of the defendant's conduct.  The

defendant also agrees that the Government will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct. With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments. In addition to the schedule of payments that may be established by the court, the defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of Federal Crime are entitled to full and timely restitution. As such, these payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands and agrees that the

16

United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a

17

forfeiture order and further stipulates and agrees that the
defendant's guilty plea constitutes an admission to all matters
legally and factually necessary for entry of a forfeiture order in
this case.  The parties agree that any restitution payments
obtained by the United States or the victim will be applied by
the United States to reduce both the restitution obligation in
this case and the amount of the outstanding forfeiture order
entered by the court.  The parties further agree that the
Government will recommend that any assets recovered through
forfeiture proceedings be remitted to crime victims to reduce the
defendant's restitution obligation in this case.  The defendant
acknowledges that the making of any payments does not
preclude the Government from using other assets or income of
the defendant to satisfy the restitution obligations.  The
defendant understands that the amount of restitution
calculated for purposes of Chapter 5 of the Sentencing
Guidelines might be different from the amount of loss calculated
for purposes of Chapter 2 of the Sentencing Guidelines.

18

18. <u>Restitution for Child Pornography Cases</u>. The defendant agrees to allow the court to determine the appropriate restitution based on Title 18, United States Code, § 2259, for identifiable victims in the images of child pornography.

19. <u>Restitution for Identifiable Child Pornography Victims.</u> The defendant agrees to pay restitution equal to the loss caused to any identifiable victim of the offense of conviction pursuant to any applicable statute, including 18 U.S.C. Section 2259. The defendant further agrees to pay restitution equal to the loss caused to any identifiable victim of his uncharged or dismissed relevant conduct pursuant to 18 U.S.C. Sections 3663(a)(3) and 3663A. The defendant's uncharged or dismissed relevant conduct for purposes of determining and ordering restitution includes the possession, receipt, and distribution of visual depictions of minors engaged in sexually explicit conduct.

20. Specifically, the defendant agrees to pay restitution equal to the loss caused to any identifiable victim of Counts One and Two, despite the agreement by the United States to dismiss Count

19

Two after sentencing as set forth in this written plea
agreement.  The intention of this written plea agreement is to
minimize the defendant's incarceration exposure, not his
restitution obligations.  By signing this agreement, defendant
acknowledges his responsibility to pay restitution to any and all
identifiable victims from Counts One and Two.

F.  **Information Provided to Court and Probation Office**

21.  Background Information for Probation Office.  The defendant
understands that the United States will provide to the United
States Probation Office all information in its possession that the
United States deems relevant regarding the defendant's
background, character, cooperation, if any, and involvement in
this or other offenses.

22.  Objections to Pre-Sentence Report.  The defendant understands
that pursuant to the United States District Court for the Middle
District of Pennsylvania "Policy for Guideline Sentencing" both
the United States and defendant must communicate to the
Probation Officer within 14 days after disclosure of the pre-

20

sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

23. <u>Relevant Sentencing Information</u>.  At the sentencing, the
United States will be permitted to bring to the court's attention,
and the court will be permitted to consider, all relevant
information about the defendant's background, character and
conduct, including the conduct that is the subject of the charges
that the United States has agreed to dismiss, and the nature
and extent of the defendant's cooperation, if any.  The United
States will be entitled to bring to the court's attention and the
court will be entitled to consider any failure by the defendant to
fulfill any obligation under this Agreement.

24. <u>Non-Limitation on Government's Response</u>.  Nothing in this
Agreement shall restrict or limit the nature or content of the
United States' motions or responses to any motions filed on
behalf of the defendant.  Nor does this Agreement in any way
restrict the government in responding to any request by the
court for briefing, argument or presentation of evidence
regarding the application of Sentencing Guidelines to the

22

defendant's conduct, including but not limited to, requests for

information concerning possible sentencing departures.

## G.   Court Not Bound by Plea Agreement

25. Court Not Bound by Terms.  The defendant understands that

the court is not a party to and is not bound by this Agreement,

or any recommendations made by the parties.  Thus, the court is

free to impose upon the defendant any sentence up to and

including the maximum sentence of 20 years' imprisonment, a

fine of $250,000, a maximum term of lifetime supervised

release, which shall be served at the conclusion of and in

addition to any term of imprisonment, the costs of prosecution,

denial of certain federal benefits, and assessments totaling

$100.

26. No Withdrawal of Plea Based on Sentence or Recommendations.

If the court imposes a sentence with which the defendant is

dissatisfied, the defendant will not be permitted to withdraw

any guilty plea for that reason alone, nor will the defendant be

permitted to withdraw any pleas should the court decline to

follow any recommendations by any of the parties to this
Agreement.

## H. Breach of Plea Agreement by Defendant

27. Breach of Agreement.  In the event the United States believes
the defendant has failed to fulfill any obligations under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the court to be relieved of its
obligations.  Whether the defendant has completely fulfilled all
of the obligations under this Agreement shall be determined by
the court in an appropriate proceeding during which any
disclosures and documents provided by the defendant shall be
admissible, and during which the United States shall be
required to establish any breach by a preponderance of the
evidence.

28. Remedies for Breach.  The defendant and the United States
agree that in the event the court concludes that the defendant
has breached the Agreement:

24

a.   The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

b.   The United States will be free to make any recommendations to the court regarding sentencing in this case;

c.   Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, or other similar grounds.

29. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Plea

25

Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing under this Agreement.  The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either:  (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate.  The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

26

## I.   Transfer of Information to IRS

30. Transfer of Case to IRS.  The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

31. Collection Action by IRS.  Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this Agreement.

32. Rule 6(e) Order for Transfer of Information to IRS.  The defendant agrees to interpose no objections to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the

27

Criminal Investigation Division of the Internal Revenue
Service.

33. <u>Cooperation with IRS</u>.  The defendant agrees to fully comply
and cooperate with the Internal Revenue Service by filing all
delinquent or amended tax returns by the date of the
defendant's sentencing, and to timely file all future returns,
which may come due during the term of incarceration, probation
or supervised release.  The defendant also agrees to cooperate
with the Internal Revenue Service by furnishing the Internal
Revenue Service with all information pertaining to the
defendant's assets and liabilities, as well as all documentation
in support of tax returns filed by the defendant during the term
of any sentence imposed pursuant to this guilty plea.  The
defendant further agrees to pay all taxes, interests, and
penalties due and owing to the United States and otherwise
fully comply with the tax laws of the United States.  The
defendant understands, and agrees, that this requirement of

full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case.

**J.  Registration & Civil Commitment in Child Pornography Cases**

34. Sex Offender Registration (Megan's Law/Adam Walsh Act) Notice.  The defendant understands that the court, as a condition of supervised release or probation, must order the defendant to comply with all sex offender registration requirements under the Sex Offender Registration and Notification Act and that, if applicable, defendant must register and keep registration current and accurate in each of the following jurisdictions: the location of residence; the location of employment; and the location of any school that defendant is attending.  The defendant understands that such information must be updated no later than three business days after any change.  A failure to comply with these and other obligations may subject the defendant to prosecution under federal law. The defendant acknowledges that one possible consequence of a guilty plea is that the court may determine, after the completion

of a sentence, that the defendant is a sexually dangerous

offender and may commit the defendant to a medical facility for

treatment.

35. <u>Civil Commitment as Sexually Dangerous Person</u>.  The

defendant has been advised, and understands, that pursuant to

§ 4248 of Title 18 of the United States Code, the defendant faces

potential civil commitment as a sexually dangerous person,

following the expiration of the defendant's term of

imprisonment.  The defendant understands that potential civil

commitment would be the subject of a separate proceeding.  The

defendant further understands that no one, including the

defendant's attorney or the district court, can predict with

certainty the effect of the defendant's conviction on such a civil

commitment determination.  The defendant nevertheless

affirms that the defendant wants to plead guilty regardless of

any potential civil commitment consequences that the

defendant's plea may entail, even if the consequence is

30

indefinite civil commitment following the expiration of the

defendant's term of imprisonment.

## K.   <u>Deportation</u>

36. <u>Deportation/Removal from the United States</u>.  The defendant

understands that, if defendant is not a United States citizen,

deportation/removal from the United States is a possible

consequence of this plea.  The defendant further agrees that

this matter has been discussed with counsel who has explained

the immigration consequences of this plea.  Defendant still

desires to enter into this plea after having been so advised.

## L.   <u>Appeal Waiver</u>

37. <u>Conditional Appeal Waiver</u>.  The defendant is aware that Title

28, United States Code, § 1291 affords a defendant the right to

appeal a judgment of conviction and sentence; and that Title 18,

United States Code, § 3742(a) affords a defendant the right to

appeal the sentence imposed.  Acknowledging all of this, the

defendant knowingly waives the right to appeal the conviction

and sentence, on the express condition that the Court impose a

sentence within or below the applicable advisory guidelines
sentencing range as that sentencing range is determined by the
Court.  In the event the Court imposes a sentence greater than
that sentencing range, the defendant retains the right to appeal
the conviction and sentence.

This conditional waiver includes any and all possible
grounds for appeal, whether constitutional or non-
constitutional, including, but not limited to, the manner in
which that sentence was determined in light of *United States v.
Booker*, 543 U.S. 220 (2005). The defendant further
acknowledges that this conditional appeal waiver is binding
only upon the defendant and that the United States retains its
right to appeal in this case.

## M.   Other Provisions

38. Agreement Not Binding on Other Agencies.  Nothing in this
Agreement shall bind any other United States Attorney's Office,
state prosecutor's office, or federal, state or local law
enforcement agency.

39. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

40. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

33

41. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

42. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on

34

or before 5:00 p.m., Friday, January 17, 2020, otherwise the
offer may, in the sole discretion of the Government, be deemed
withdrawn.

43. Defendant is Satisfied with Assistance of Counsel. The
Defendant agrees that the defendant has discussed this case
and this plea agreement in detail with the defendant's attorney
who has advised the defendant of the defendant's Constitutional
and other trial and appeal rights, the nature of the charges, the
elements of the offenses the United States would have to prove
at trial, the evidence the United States would present at such
trial, possible defenses, the advisory Sentencing Guidelines and
other aspects of sentencing, potential losses of civil rights and
privileges, and other potential consequences of pleading guilty
in this case.  The defendant agrees that the defendant is
satisfied with the legal services and advice provided to the
defendant by the defendant's attorney.

44. Required Signatures.  None of the terms of this Agreement shall
be binding on the Office of the United States Attorney for the

35

Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

11/9/20
Date

ROBERT L. HAYES, SR.
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

11/9/20
Date

THOMAS THORNTON
Counsel for Defendant

DAVID J. FREED
United States Attorney

1/13/20
Date

By: _____

JAMES T. CLANCY
Assistant United States Attorney

JTC/2019R00240/rev. Jan 3, 3030

36