IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA | : | NO. 1:19-CR-139 |
| | : | |
| v. | : | (JONES, CJ.) |
| | : | |
| ROBERT L. HAYES, SR. | : | (FILED ELECTRONICALLY) |

UNITED STATES' SENTENCING MEMORANDUM

The defendant is a recidivist child exploitation offender. After serving 108 months in federal prison following a conviction for possession of child pornography in 2007, he was a mere three months into a period of supervised release when he was caught having amassed almost 500 images of child pornography, installed a browser that obfuscates the origin of data, and connected a laptop to at least four portable hard drives where he stored child pornography. *See* Presentence Report ¶¶ 4-8. He now faces a mandatory ten-year prison sentence. *Id.* ¶ 71.

Unable to object to the imprisonment required by his recidivism, he is left to complain about the prospect of paying restitution and a special assessment designed to provide restitution to victims of child exploitation offenses. *Id.*, Addendum; *see also* Doc. 44. His arguments have no merit and should be rejected.

Hayes first argues that the court should not impose the $5000 special assessment under 18 U.S.C. 3014. He claims he is indigent, citing *United States v. Cotto,* 782 Fed. Appx. 174 (3d Cir. 2019), in support. *Cotto* is inapposite here. *Cotto* merely holds that it is error to impose the assessment if the court makes a specific finding that the defendant is indigent. *Id.* at 178. Hayes has not been determined indigent, and he should not be. He has regular income that likely is more than most inmates receive. At least part of that should be allocated to victims of his crime through the assessment.

Hayes also argues he should not pay any restitution to the identified victim in this case. As noted in the PSR, restitution of $100,276.40 is owed to a victim of the "Tara" series. PSR ¶ 86. Although Hayes' memorandum requests "an inquiry" into the source of the restitution amount, his counsel is well aware that very lengthy submissions are made to the court on behalf of victims to justify the amounts sought. Counsel is also aware that restitution orders prohibit overpayment. If the victim of the "Tara" series seeking restitution in this case had received full restitution, no claim would have been filed.

Hayes also cites U.S.S.G. 5E1.1 and suggests that restitution should not be ordered in this case because "the complication of the sentencing process resulting from the fashioning of the restitution requirement outweighs the need to provide restitution to any victims through the criminal process." Doc. 44 at 4.  There is nothing complicated about fashioning a restitution order in this case.  Rather, to suggest that this recidivist child exploiter needing income in prison to buy "a pack of powdered soup or some crackers every afternoon" (Doc. 44 at 3) outweighs the need to provide restitution to the victims of child pornography offenses is deplorable.  Hayes should be required to pay a significant portion of his monthly earnings to victims.

Finally, Hayes requests a recommendation that he serve the last 12 months of his prison term at a halfway house.  As Hayes recognizes, "halfway house placement is 'a mechanism to reduce recidivism.'" Doc. 44 at 5.  In light of how very quickly Hayes returned to amassing images of child pornography after he was released from his last sentence, however, the court should decline to make such a recommendation.  Requiring Hayes to serve a full sentence is not "punishment for punishment's sake." *Id.* Rather, it is appropriate

punishment for a person who has proven that, despite a long federal sentence for a child exploitation offense, he will return to committing that hideous crime as soon as he is released from prison.

        Respectfully submitted,

        DAVID J. FREED
        UNITED STATES ATTORNEY

By:   */s/ James T. Clancy*
        JAMES T. CLANCY
        ASSISTANT U.S. ATTORNEY
        228 WALNUT ST., STE. 220
        HARRISBURG, PA  17108
        PHONE: 717-221-4482
        FAX:  717-221-4493
        james.clancy@usdoj.gov
        PA54339

<u>CERTIFICATE OF SERVICE</u>

Pursuant to Standing Order 05-6 and Local Rules 4.2 and 5.7, I hereby certify that the foregoing document was served through electronic case filing.

        Respectfully submitted,

        DAVID J. FREED
        UNITED STATES ATTORNEY

By:   <u>*/s/ James T. Clancy*</u>
       JAMES T. CLANCY
       ASSISTANT U.S. ATTORNEY
       228 WALNUT ST., STE. 220
       HARRISBURG, PA  17108
       PHONE: 717-221-4482
       FAX:  717-221-4493
       james.clancy@usdoj.gov
       PA54339